BOYLE & MOTT, for appellee; EDWARD BOYLE and JAMES ARTHUR MILLER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 47*—*when reasonable and probable cause of accident adopted.* In an action by a servant to recover for personal injuries received through the operation of a machine, where the injury may be attributed either to a wholly speculative and inexplicable cause or to one that is natural, reasonable and probable, the Appellate Court will accept the latter.

2. MASTER AND SERVANT, § 683*—*when verdict for plaintiff for personal injuries received while operating machine is not sustained by evidence.* In an action by a servant to recover for personal injuries received while operating a machine, evidence *held* to show that the machine was not out of repair, defective and unsafe, but that the injury was caused by plaintiff's own action in operating it, and not to support a verdict for plaintiff.

---

## Sanfrid Harnstrom, Appellee, v. Anderson Electric Car Company, Appellant.

### Gen. No. 23,888.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 29, 1918.

### Statement of the Case.

Replevin by Sanfrid Harnstrom, plaintiff, against Anderson Electric Car Company, defendant, to recover possession of an automobile. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

M. M. JACOBS, for appellant.

HARRY J. BERMAN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. BAILMENT, § 11*—*when mutual benefit bailment of automobile is created making bailee liable for ordinary negligence of servants.* Where, in connection with the contract of sale of an automobile, the seller agrees to give the buyer free monthly inspection service, in rendering such service the seller is not performing a gratuitous act, and the relation between the seller and buyer is not that of bailor and bailee, but there is a mutual benefit bailment under which the seller becomes liable for injury to the car by ordinary negligence of its servants while driving the car to the seller's shops for the purpose of rendering the service.

2. AUTOMOBILES AND GARAGES, § 6*—*when collision between electric car and gas car shown to be due to negligent operation of former.* Evidence *held* to show that damage to an electric automobile colliding with a gas car as the driver of the electric was attempting to get into a line of moving cars was due to the negligent handling of the electric.

3. REPLEVIN, § 135*—*when damages for wrongful detention of automobile not excessive.* In an action of replevin to recover possession of an automobile, a verdict of $100 damages for wrongful detention of the car is not excessive where the record shows that plaintiff was in the real estate business and used the car extensively in making trips in the conduct of his business, and was deprived of its use for more than three months.

4. AUTOMOBILES AND GARAGES, § 5*—*when immaterial that defendant had right to detain automobile for payment of repairs.* In an action of replevin to recover possession of an automobile, where it appears from the affidavit of merits and the evidence that the car was being held for the payment of the cost of repairs caused by defendant's negligence, it is immaterial that defendant had a right to detain it for the payment of a small bill covering the cost of an appliance added to the machine under authority from the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.